THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                                                           CRIMINAL NO. 2:21-cr-25-KS-MTP

MITCHELL "CHAD" BARRETT

### AGREED PRELIMINARY ORDER OF FORFEITURE

Pursuant to a separate Plea Agreement and Plea Supplement between the Defendant, **MITCHELL "CHAD" BARRETT** (hereinafter the "Defendant"), by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter the "Government"), the parties agree that the following findings are correct and stipulate to the adjudications made herein. Accordingly, the Court finds as follows:

1. Pursuant to a written plea agreement, the Defendant has pleaded guilty to a one-count Information, which charges him with conspiracy to knowingly engage in monetary transactions in criminally derived property of a value greater than $10,000, in violation of 18 U.S.C. § 1956(h). The Court has now found the Defendant guilty of that offense.

2. As a part of his plea agreement, the Defendant has stipulated to the immediate entry of a Preliminary Order of Forfeiture, under 18 U.S.C. § 982(a)(1) and Federal Rule of Criminal Procedure 32.2(b)(2), against him imposing a forfeiture money judgment in the amount of $25,272,945.63, a sum that the parties agree—and the Court hereby finds—equals the amount of property involved in the conspiracy to commit money laundering, as charged in the Information, to which the Defendant has pleaded guilty. *See* Plea Supplement, ¶ 11(a).

3. As a part of his plea agreement, the Defendant has further stipulated to the immediate entry of a Preliminary Order of Forfeiture, under 18 U.S.C. § 982(a)(1) and Federal Rule of Criminal Procedure 32.2(b)(2), preliminarily forfeiting the following assets (hereinafter the "**Subject Property**"), except as otherwise provided as to Assets A6, C2, C3, and part of C4 below:

| Criminal Forfeiture Identifier | Identifier from parallel Civil Case *United States v. Real Property Located at 19 Crane Park*, 2:18-cv-165 | Asset Description |
|---|---|---|
| A6 | A-016 | $5,228.32 seized from Bancorp account number 75113324, an account in the name of World Health Jets, LLC. (16-DCI-000080) |
| B1 | B-004 | Approximately $9,442.78 currently being held in the USDOJ Seized Asset Deposits Fund that represents the net proceeds of the 2014 Mercedes Benz E350, VIN WDDHF5KB8EA888307, Tag MS HRY613, with all attachments thereon, registered to RX Pro of Mississippi, Inc.   (16-FBI-001425) |
| B5 | B-010 | Approximately $1,525.78 currently being held in the USDOJ Seized Asset Deposits Fund that represents the net proceeds of the 2012 Mercedes Benz ML3, VIN 4JGA5HB6CA023861, Tag MS HSG642, with all attachments thereon, registered to Farm007, LLC. (16-FBI-001426) |
| B9 | B-031 | 2016 Mercedes-Benz CLS63AMG S, VIN WDDLJ7GB8GA172166, with all attachments thereon, registered to Chad Barrett and Brew Barr, LLC. |
| B11 | N/A | World Cat 320, Hull Identification Number EPY03557K516 |
| C2 | C-009 | 4944 Hickory Shores Blvd., Gulf Breeze, Florida Santa Rosa County, titled to Chad and Jonnita Barrett. (16-DCI-000126) |
| C3 and part of C4 | C-010 and part of C-011 | Approximately $404,870.65 currently being held by the escrow agent that represents the net proceeds of the sale of: (a) 132 Dunleith Way, Clinton, Mississippi, Hinds County, formerly titled to Brew Barr LLC and 132 Dunleith Way, LLC (16-DCI-000127); and (b) Lot 18, Dunleith Way, Clinton, Mississippi, Hinds County (Parcel 2980-208-518), |

| | | |
|---|---|---|
| | | formerly titled to Brew Barr LLC and 132 Dunleith Way, LLC (16-DCI-000128). |
| C4 | C-011 | Approximately $13,250.02 currently being held by the escrow agent that represents the net proceeds of the sale of Lot 16 (Parcel 2980-208-516) Dunleith Way, Clinton, Mississippi, Hinds County, formerly titled to Brew Barr LLC and 132 Dunleith Way, LLC.   (16-DCI-000128) |
| C5 | N/A | 105 Bonnabel Place, West Monroe, Louisiana, titled to 3TAL LLC. |

*See* Plea Supplement, ¶ 11(b).   The Defendant has further stipulated that the above assets, except as otherwise provided as to Assets A6, C2, C3, and a part of C4 below, were involved in, or are traceable to property involved in, the Defendant's conspiracy to engage in monetary transactions in criminally derived property of a value greater than $10,000, charged in the Information, and to which he has pleaded guilty.   The Defendant has further stipulated and agreed that this money laundering conspiracy, as charged in the Information, was integral to the successful operation of the health care fraud, wire fraud, and conspiracy to defraud the United States and solicit, receive, offer, and pay illegal kickbacks, as charged in Count 1 of the Indictment, and therefore that the Defendant would not have obtained the above-referenced seized funds and property items "but for" the money laundering conspiracy offense of conviction charged in the Information.   The Defendant has therefore stipulated—and the Court hereby finds—that, the above assets, except as otherwise provided as to Assets A6, C2, C3, and a part of C4 below, are therefore forfeitable in their entirety to the United States under 18 U.SC. § 982(a)(1) as property, real or personal, involved in the money laundering conspiracy charged in Count 1 of the Information, or as property traceable to such property.   *See* Plea Supplement, ¶ 11(b) & (c).

    4.    As to Asset A6—the $5,228.32 in funds seized from Bancorp account number 75113324, an account in the name of World Health Jets, LLC—the parties have stipulated that

$2,439.64 of the $5,228.32 in funds were involved in, or are traceable to property involved in, the Defendant's conspiracy to engage in monetary transactions in criminally derived property of a value greater than $10,000, charged in the Information. The parties have further stipulated that the remaining $2,788.68 of the funds in Asset A6 constitute clean money that Defendant obtained from a legitimate source and that are therefore not property involved in or traceable to the offense. The parties have stipulated that the Defendant has a one-half interest in the $2,788.68 in clean money in Asset A6 and the Defendant represents that his wife has a one-half interest in the $2,788.68. *See* Plea Supplement, ¶ 11(d)

5. Accordingly, as to Asset A6, the Defendant has agreed to the immediate entry of a preliminary order of forfeiture preliminarily forfeiting the entirety of the $2,439.64 in funds in Asset A6 to the United States as directly forfeitable and preliminarily forfeiting the remaining $2,788.68 as a substitute asset. *See* Plea Supplement, ¶ 11(d).[1]

6. As to Asset C2— the real property located at 4944 Hickory Shores Blvd., Gulf Breeze, Florida Santa Rosa County, titled to Chad and Jonnita Barrett—the parties have stipulated and agreed that portions of the equity of that property are traceable to clean funds, as follows: (a) between in or about October 2017 and May 2020, the Defendant made improvements to Asset C2 using a total of $44,269.00 in clean money from a legitimate source; (b) between in or about October 2017 and May 2020, the Defendant made additional improvements to the real property using funds that belonged to him and his spouse; (c) in consideration of the government's methodology of calculating the amount of clean money

---

[1] However, if, after the preliminary order of forfeiture is entered, the Defendant's spouse files a timely and valid third-party claim under 21 U.S.C. § 853(n) as to $1,394.34 in funds in Asset A6, representing her presumed one-half share of the $2,788.68 in clean marital-asset money in Asset A6, and if there are no other valid and timely third-party claims from one or more claimants who demonstrate a superior interest as to those funds, then the United States has represented that, based upon the facts presently known to it, the United States intends to recognize the Defendant's spouse's interest in the $1,394.34 in funds in Asset A6.

investment in Asset C2—including property-improvement expenditures—the portion of the equity in real property Asset C2 that shall be deemed traceable to clean funds (including the $44,269.00 referenced above) shall equal a total of $44,269.00. *See* Plea Supplement, ¶ 11(g).

7. As to Asset C2, the parties have further stipulated that: (a) the Defendant shall not be entitled to any appreciation arguably attributable to any portion of the $44,269.00 in clean-money equity in Asset C2; (b) all but $44,269.00 of the equity in Asset C2 is subject to direct forfeiture as property involved in or as property traceable to the offense of conviction; and (c) the remaining $44,269.00 in equity in Asset C2 is subject to forfeiture as a substitute asset. *See* Plea Supplement, ¶ 11(g).[2]

8. As to Asset C3 and part of C4—the real property located at 132 Dunleith Way, Clinton, Mississippi, Hinds County, formerly titled to Brew Barr LLC, and Lot 18, Dunleith Way, Clinton, Mississippi, Hinds County (Parcel 2980-208-518), formerly titled to Brew Barr LLC and 132 Dunleith Way, LLC —the parties have stipulated and agreed that portions of the equity of that property are traceable to clean funds, as follows: (a) between in or about April 2018 and June 2019, the Defendant made improvements to Asset C3 and part of C4 using a total of $15,868.00 in clean money from a legitimate source; (b) between in or about April 2018 and June 2019, the Defendant made additional improvements to the real property using funds that belonged to him and his spouse; (c) in consideration of the government's methodology of calculating the amount of clean money investment in Asset C3 and part of C4—including

---

[2] However, if, after the preliminary order of forfeiture is entered, the Defendant's spouse files a timely and valid third-party claim under 21 U.S.C. § 853(n) as to the $22,134.50 in equity in Asset C2, representing her presumed one-half share of the $44,269.00 in clean marital-asset money in equity in Asset C2, and if there are no other valid and timely third-party claims from one or more claimants who demonstrate a superior interest as to either or both of those portions of the equity in Asset C2, then the United States has represented that, based upon the facts presently known to it, the United States intends to recognize the Defendant's spouse's interest in the $22,134.50 of the equity in Asset C2.

property-improvement expenditures—the portion of the equity in real property Asset C3 and part of C4 that shall be deemed traceable to clean funds shall equal, $15,868.00. *See* Plea Supplement, ¶ 11(h).

9. As to Asset C3 and part of C4, the parties have further stipulated that: (a) the Defendant shall not be entitled to any appreciation arguably attributable to any portion of the $15,868 in clean-money equity in Asset C3 and part of C4; (b) all but $15,868.00 of the equity in Asset C3 and part of C4 is subject to direct forfeiture as property involved in or as property traceable to the offense of conviction; and (c) the remaining $15,868 in clean-money equity in Asset C3 and part of C4 is subject to forfeiture as a substitute asset. *See* Plea Supplement, ¶ 11(h).[3]

10. As to the real property located at 300 Willow Creek Drive, Vicksburg, Mississippi ("Willow Creek Drive Property"), titled to Mitchell C. Barrett and Jonnita B. Barrett—the parties stipulated and agreed that the equity of that property is traceable to clean funds, as they bought the property on December 31, 1993, with clean money from a legitimate source—and the parties further stipulate and agree as follows: (a) between in or about October 2018 and May 2020, the Defendant made improvements to the Willow Creek Drive Property using a total of $9,404.00 in clean money from a legitimate source; (b) between in or about October 2018 and May 2020, the Defendant made additional improvements to the real property using funds that belonged to him and his spouse; and (c) in consideration of the government's methodology of calculating the

---

[3] However, if, after the preliminary order of forfeiture is entered, the Defendant's spouse files a timely and valid third-party claim under 21 U.S.C. § 853(n) as to the $7,934.00 in equity in Asset C3 and part of C4, representing her presumed one-half share of the $15,868.00 in clean marital-asset equity in Asset C3 and part of C4, and if there are no other valid and timely third-party claims from one or more claimants who demonstrate a superior interest as to either or both of those portions of the equity in Asset C3 and part of C4, then the United States has represented that, based upon the facts presently known to it, the United States intends to recognize the Defendant's spouse's interest in the $7,934.00 of the equity in Asset C3 and part of C4.

amount of clean money investment in Willow Creek Drive Property—including property-improvement expenditures—the portion of the equity in real property Willow Creek Drive Property associated with improvements that shall be deemed traceable to clean funds shall equal a total of $9,404.00.  *See* Plea Supplement, ¶ 11(i)-(j).

11.  As to the Willow Creek Drive Property, the parties have further stipulated that: (a) the portion of the clean-money equity in Willow Creek Drive Property in which Defendant has a property interest—which the parties stipulate to be a one-half share of the equity of the property—is subject to forfeiture as a substitute asset; and (b) the Court may immediately enter a preliminary order of forfeiture preliminarily forfeiting all of the equity in the 300 Willow Creek Drive Property to the United States as a substitute asset.  *See* Plea Supplement, ¶ 11(i)-(j).[4]

Upon consideration of the parties' stipulations of fact and stipulations to the entry of a preliminary order of forfeiture under Rule 32.2 of the Federal Rules of Criminal Procedure having the above-described terms,

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

a. The Court hereby imposes against the Defendant a money judgment of forfeiture in the amount of $25,272,945.63.

b. The Court hereby preliminarily forfeits to the United States, as directly forfeitable under 18 U.S.C. § 982(a)(1), all right, title, and interest in the following **Subject Property items:**

---

[4] However, if, after the preliminary order of forfeiture is entered, the Defendant's spouse files a timely and valid third-party claim under 21 U.S.C. § 853(n) as to one half of the equity of the Willow Creek Drive Property, representing her presumed one-half share of the equity in clean marital-asset money in Willow Creek Drive Property, and if there are no other valid and timely third-party claims from one or more claimants who demonstrate a superior interest as to those funds, then the United States has represented that, based upon the facts presently known to it, the United States intends to recognize the Defendant's spouse's one-half interest in the equity in the Willow Creek Drive Property.  *See* Plea Supplement, ¶ 11(i)-(j).

1. Asset B1—Approximately $9,442.78 currently being held in the USDOJ Seized Asset Deposits Fund that represents the net proceeds of the 2014 Mercedes Benz E350, VIN WDDHF5KB8EA888307, Tag MS HRY613, with all attachments thereon, registered to RX Pro of Mississippi, Inc. (16-FBI-001425);

2. Asset B5—Approximately $1,525.78 currently being held in the USDOJ Seized Asset Deposits Fund that represents the net proceeds of the 2012 Mercedes Benz ML3, VIN 4JGA5HB6CA023861, Tag MS HSG642, with all attachments thereon, registered to Farm007, LLC (16-FBI-001426);

3. Asset C4—Approximately $13,250.02 currently being held by the escrow agent that represents the net proceeds of the sale of Lot 16 (Parcel 2980-208-516) Dunleith Way, Clinton, Mississippi, Hinds County, formerly titled to Brew Barr LLC and 132 Dunleith Way, LLC. (16-DCI-000128); and,

4. Asset C5—105 Bonnabel Place, West Monroe, Louisiana, titled to 3TAL LLC.

c. The Court hereby preliminarily forfeits to the United States, as directly forfeitable under 18 U.S.C. § 982(a)(1), all right, title, and interest in the indicated portions of the following **Subject Property items:**

1. A portion of Asset A6—namely, $2,439.64 of the $5,228.32 seized from Bancorp account number 75113324, an account in the name of World Health Jets, LLC. (16-DCI-000080);

2. A portion of Asset C2—namely, all right, title, and interest in the real property located at 4944 Hickory Shores Blvd., Gulf Breeze, Florida Santa Rosa

County, titled to Chad and Jonnita Barrett (16-DCI-000126), except for $44,269.00 of the equity in Asset C2; and,

3. A portion of Assets C3 and C4—namely, all right, title, and interest in the real property located at (a) 132 Dunleith Way, Clinton, Mississippi, Hinds County, formerly titled to Brew Barr LLC and 132 Dunleith Way, LLC (16-DCI-000127); and (b) Lot 18, Dunleith Way, Clinton, Mississippi, Hinds County (Parcel 2980-208-518), formerly titled to Brew Barr LLC and 132 Dunleith Way, LLC (16-DCI-000128), except for $15,868.00 in equity in those assets.

d. The Court hereby preliminarily forfeits to the United States, as substitute assets, under 21 U.S.C. § 853(p), 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), in partial satisfaction of the money judgment entered against Defendant, all right, title, and interest in the indicated portions of the following **Subject Property items:**

1. A portion of Asset A6—namely, $2,788.68 of the $5,228.32 seized from Bancorp account number 75113324, an account in the name of World Health Jets, LLC. (16-DCI-000080);

2. A portion of C2—namely, the remaining $44,269.00 in equity in Asset C2, the 4944 Hickory Shores Blvd property;

3. A portion of C3 and part of C4—namely, the remaining $15,868.00 in equity in Asset C3 and part of C4, the 132 Dunleith Way property and Lot 18; and,

4. The 300 Willow Creek Drive property.

e. The United States Marshals Service or its duly authorized representative shall promptly seize all of the above-identified amounts of seized funds personal property items, and real property.

    f.    The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to direct forfeiture or as substitute assets.

    g.    Under Title 21, United States Code, Section 853(n)(1), the United States shall publish notice of this order and of its intent to dispose of the above-referenced property items according to law.

    h.    The United States shall also, to the extent practicable, provide written notice to any person the United States knows to have an alleged interest in the subject property.

    i.    Any person who asserts a legal interest in the subject property, other than the Defendant, may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

    j.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

    k.    Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest

in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

l. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c) for the filing of third-party petitions.

m. The Court further dismisses the following items from the forfeiture notice of the Information: (1) Asset B9, a 2016 Mercedes-Benz CLS63AMG S, VIN WDDLJ7GB8GA172166, with all attachments thereon, registered to Chad Barrett and Brew Barr, LLC; and (2) Asset B11, a World Cat 320, Hull Identification Number EPY03557K516.

n.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 25th day of April 2022.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

DARREN J. LAMARCA
United States Attorney

_____     4/25/2022
Kathlyn Van Buskirk                                      Date
Assistant United States Attorney


_____     04/15/2022
Emily Cohen                                                 Date
Alejandra Arias
Trial Attorneys
United States Department of Justice
Money Laundering and Asset Recovery Section,
Criminal Division


See Attached _____     4/26/22
Mitchell "Chad" Barrett                               Date
Defendant


_____     4/14/2022
Lisa Ross                                                     Date
John D. Moore
Gene R. Besen
Attorneys for Defendant